# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

| | | |
|---|---|---|
| **WILLIAM JEFF BOYLE,** | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | Shelby Circuit No. 58552 T.D. |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **VIRGINIA THOMAS,** | ) | Appeal No. 02A01-9601-CV-00022 |
| | ) | |
| Defendants/Appellant. | ) | |

FILED

**November 14, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE

THE HONORABLE ROBERT A. LANIER, JUDGE

For the Plaintiff/Appellee:

Robert A. McLean
Thomas J. Walsh, Jr.
Memphis, Tennessee

For the Defendants/Appellants

Kenneth R. Shuttleworth
Archie Sanders, III
Memphis, Tennessee

**REVERSED AND REMANDED**

HOLLY KIRBY LILLARD, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

DAVID R. FARMER, J.

OPINION

This is a dog bite case that was heard by an arbitrator. The trial court vacated the arbitration award on the basis that the arbitrator misapplied the law. Based on ***Arnold v. Morgan Keegan & Co.***, 914 S.W.2d 445 (Tenn. 1996), we reverse.

Appellee William Jeff Boyle ("Boyle") worked at The Butcher Shop restaurant on South Front Street in Memphis, Tennessee. At 2:00 a.m. one morning, he left the restaurant, got in his car, and started driving home, when he realized that he had left an item at work. He parked a few spaces away from the entrance to restaurant, got out, and jogged towards the door. At this time, Appellant Virginia Thomas ("Thomas") was standing with her dog between a car and the curb near Boyle. The dog was on a leash. As Boyle jogged toward the restaurant door, Thomas' dog jumped on him. Boyle asserts that the dog bit his left arm. Thomas stated that, at most, the dog scratched Boyle's arm. Thomas pulled the dog off Boyle. Before the dog jumped on him, Boyle saw neither Thomas nor the dog, since his attention was focused on the door to the shop.

Thomas gave Boyle fifty dollars at the scene to help pay for his ripped shirt. Thomas claimed that Boyle never complained at the scene about an injury, only about his shirt. Boyle stated that he then was treated at a hospital emergency room. He asserted that a scar developed where the dog bit him. He had plastic surgery to reduce the scar, and Boyle stated that he has been told he will need further surgery on the scar. He asserted that he missed at least a week and a half of work as a result of the incident.

Boyle claimed that he talked to Thomas several days after the incident, and she "told him the dog frequently jumped upon people, pawing them and bruising them." Thomas denied telling Boyle or anyone else that her dog has ever jumped on or attacked anyone.

Boyle filed suit against Thomas, and the parties agreed to arbitration of the dispute. After a hearing, the arbitrator determined that the dog was not running at large and that, consequently, Thomas was not liable under Tennessee Code Annotated § 44-8-408 or City of Memphis Ordinance § 5-60. Tennessee Code Annotated § 44-8-408 provides, in pertinent part:

> It is unlawful for any person to allow a dog belonging to or under the control of such person, or that may be habitually found on premises occupied by the person, or

immediately under the control of such person, to go upon the premises of another, or upon a highway or upon a public road or street . . . .

Tenn. Code Ann. § 44-8-408 (1993). City of Memphis Ordinance § 5-60 provides:

> Dog owners shall, at all times, keep their animals on a leash or other suitable restraint or confined by a fence on their property or the private property of another, with the permission of the owner of that property so as to prevent the animal from being at large, biting or harassing any person engaged in a lawful act, interfering with the use of public property or with the use of another person's private property, or being in violation of any other section of this Code. No animal shall be allowed to run at large even on the property of the owner of such animal, unless confined by a fence or other suitable restraint.

City of Memphis Ordinance § 5-60. The arbitrator also concluded that Thomas was not liable under the common law because Boyle had failed to carry his burden of proof that Thomas "knew, or by exercise of reasonable care should have known, that her dog had either vicious or mischievous propensities and was likely to cause harm to third parties." Therefore, the arbitrator ruled in Thomas' favor.

Thomas moved the trial court to confirm the arbitrator's decision, and Boyle moved the court to vacate the decision. After reviewing the record, the trial court found:

> 1) that Ordinance 5-60 of the City of Memphis requires that "dog owners shall at all times keep their animals on a leash . . . so as to prevent the animal from biting or harassing any person engaged in a lawful act, . . . .";
>
> 2) that the language of the ordinance is clear on its face;
>
> 3) that the record reflects and the parties do not dispute that the plaintiff was bitten by defendant's dog;
>
> 4) that the record shows that plaintiff was engaged in a lawful act at the time - "jogging slightly along the sidewalk" and that there was no evidence plaintiff's conduct was unlawful or a proximate cause of the dog bite;
>
> 5) that defendant did not prevent her dog, which was on a leash, from biting plaintiff; and
>
> 6) that under the Ordinance as applied to the facts, this conduct constitutes negligence per se under the law of Tennessee, contrary to the holding of the arbitrator.
>
> THEREFORE, the Court further finds that the arbitrator exceeded his power under T.C.A. § 29-5-313(a) and that plaintiff's motion is well taken and that the matter should be remanded for a rehearing before new arbitrators as provided for in T.C.A. § 29-5-313(c) to follow the law of Tennessee as found by the Court herein.

The trial court vacated the arbitrator's decision and remanded for further arbitration. From this decision Thomas now appeals. *See* Tenn. Code Ann. § 29-5-319(a)(3) (Supp. 1997).

2

On appeal, Thomas asserts that the trial court erred in denying her motion to confirm the arbitrator's decision and in vacating that decision. She claims that the trial court erred by improperly vacating the arbitrator's decision because it disagreed with the arbitrator's legal conclusions. In the alternative, Thomas argues that the arbitrator correctly interpreted the controlling law.

Tennessee Code Annotated § 29-5-313 addresses the circumstances under which a trial court may vacate an arbitrator's decision:

(a) Upon application of a party, the court shall vacate an award where:

(1) The award was procured by corruption, fraud or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of § 29-5-306, as to prejudice substantially the rights of a party; or

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under § 29-5-303 and the party did not participate in the arbitration hearing without raising the objection.

The fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

Tenn. Code Ann. § 29-5-313(a) (Supp. 1997).

In *Arnold v. Morgan Keegan & Co.*, 914 S.W.2d 445 (Tenn. 1996), the Tennessee Supreme Court discussed the standard of review to be applied by a trial court in considering an arbitration decision. The Court noted that "[t]he standard to be applied by the trial court is a narrow one" and that "courts should play only a limited role in reviewing the decisions of arbitrators." *Id.* at 448. Noting that a trial court cannot vacate an arbitrator's decision "because it disagrees with the result," the Court recognized that a trial court is severely limited in its authority when considering issues decided in arbitration. *Id.* The Court observed that a trial court does not conduct a *de novo* hearing when reviewing an arbitration decision; rather, it hears evidence and enters factual findings and legal conclusions based on the issues raised in the application to vacate the award. *Id.* (citations omitted). The Court concluded:

Courts, thus, do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts. If the courts were free to intervene on these grounds, the speedy resolution of grievances by private mechanisms would be greatly undermined. As long as the arbitrator is, arguably,

3

construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision.

*Id.* at 449. In this case, the trial court's order vacating the arbitration award states that the trial court found "that the arbitrator exceeded his power." This is one of the enumerated bases for vacating an award under Tennessee Code Annotated § 29-5-313(a)(3). "Arbitrators 'exceed their powers' when they go beyond the scope of authority granted by the arbitration agreement." *Arnold*, 914 S.W.2d at 450. *See International Talent Group, Inc. v. Copyright Management, Inc.*, 769 S.W.2d 217, 218, 220 (Tenn. App. 1988) (arbitration award vacated because arbitrators exceeded their powers where award "did not draw its essence from the Agreement of the parties"; an arbitrator's scope of authority "is determined by the terms of the agreement between the parties which includes the agreement of the parties to arbitrate the dispute"). In *Arnold*, the appellant sought to vacate the arbitration award, asserting that the arbitration panel exceeded its powers by rendering a decision that was "completely irrational and totally contrary to the undisputed and agreed evidence and the law acknowledged to be applicable." *Arnold*, 914 S.W.2d at 450. The Tennessee Supreme Court affirmed the trial court's conclusion that the appellant's position was that the arbitration panel "made a mistake of law or fact" in its decision. The Court found that the award did not suggest that the arbitration panel went outside the arbitration agreement or failed to apply Tennessee law. Therefore, the trial court's confirmation of the arbitration award was affirmed. *Id.*

In the arbitrator's decision in this case, the arbitrator discusses Tennessee law at length, explaining his interpretation of the applicable statutes and case law. In its review of the arbitrator's decision, the trial court indicates strong disagreement with the arbitrator's interpretation of Tennessee law, stating that the language of City of Memphis Ordinance 5-60 "is clear on its face" and:

> . . . that under the Ordinance as applied to the facts, [Thomas'] conduct constitutes negligence *per se* under the law of Tennessee, contrary to the holding of the arbitrator.

From this, the trial court concludes that the arbitrator exceeded his powers. It is apparent that the basis for the trial court's decision to vacate the arbitration award was its strong disagreement with the arbitrator on the correct interpretation of the applicable law.

4

As stated in ***Arnold***, a mistake of law by the arbitrator does not mean that he exceeded his powers and cannot be the basis for vacating the award. ***See Arnold***, 914 S.W.2d at 451. Even if the trial court is "convinced he committed serious error [this] does not suffice to overturn his decision." ***Id.*** at 449. Therefore, the trial court's decision to vacate the arbitration award must be reversed.

The issue of whether the arbitrator correctly interpreted the applicable Tennessee law is pretermitted by this holding.

The decision of the trial court is reversed, and the arbitrator's award is confirmed. This case is remanded for any necessary further proceedings consistent with this Opinion. Costs on appeal are taxed to Appellee, for which execution may issue if necessary.


_____

_____**HOLLY KIRBY LILLARD, J.**

**CONCUR:**


_____

**W. FRANK CRAWFORD, P. J., W.S.**


_____

**DAVID R. FARMER, J.**